# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| NANO GAS TECHNOLOGIES, INC., ) | |
| ) | Case Nos. 17-cv-1738, 17-cv-2241 |
| Plaintiff, ) | |
| ) | Judge Sharon Johnson Coleman |
| v. ) | |
| ) | |
| CLIFTON ROE ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Clifton Roe, the plaintiff in the underlying action, petitions this court to vacate the arbitration award entered against him. Nano Gas Technologies ("Nano Gas"), the defendant in the underlying action, separately filed a case against Roe in this district to enforce the arbitration award. For the reasons set forth herein, Roe's petition to vacate the arbitration award [17-cv-2241, 65] is denied.

**Background**

Roe invented a nozzle capable of dissolving and dispersing gasses into liquids in a manner previously believed to be unattainable. Nano Gas and Roe entered into a collaboration to commercialize the technology, the terms of which were set forth in a "Collaboration and Non-Compete Agreement" ("the Agreement"). The Agreement contained a dispute resolution clause providing, in pertinent part, for the arbitration of all disputes. Roe worked in Nano Gas' Michigan facility alongside Nano Gas employees to develop a machine utilizing his invention and related intellectual property. However, the working relationship between Roe and Nano Gas began to deteriorate after the collaboration was slow to produce the desired results. Ultimately, Roe removed the machine and related intellectual property from Nano Gas' facility and began independently using the machine and collaborating with others.

1

Roe subsequently filed a civil action against Nano Gas in the United States District Court for the Eastern District of Michigan. The court held that the parties' claims were subject to arbitration pursuant to the Agreement, and accordingly dismissed the case without prejudice. Roe subsequently initiated an arbitration proceeding against Nano Gas, which filed a counter-complaint against Roe.

The arbitration was conducted in Chicago, Illinois over approximately fourteen days. The arbitrator concluded that Roe had assigned the rights to the machine and related intellectual property to Nano Gas, and that Roe therefore had no right to remove the machine or related intellectual property from Nano Gas' facility or share it with others. The arbitrator also found that Roe improperly removed a box of papers prepared by Nano Gas employee Jeff Hardin containing intellectual property related to the machine, and accordingly ordered that Roe return the box of "Hardin papers" or pay Nano Gas $150,000 in damages. The arbitrator issued a permanent injunction against Roe, prohibiting him from directly or indirectly engaging in any commercial activity relating to the technology without express consent from Nano Gas. In response to Nano Gas' subsequent Rule 50 petition for correction and clarification, the arbitrator corrected several typographical errors and clarified the interpretation of the Decision and Final Award.

Roe filed a petition to vacate the arbitration award in the underlying case. Soon afterwards, Nano Gas filed a separate action in this court to enforce the arbitration award. The Eastern District of Michigan transferred the underlying case to this district, where it was consolidated with Nano Gas' action to enforce the arbitration award. The petition to vacate the arbitration award is now before this Court.

**Standard of Review**

It is well established that courts must give "great deference" to an arbitrator's decision. *Cremin v. Merrill Lynch, Pierce, Fenner, & Smith, Inc.*, 434 F. Supp.2d 554, 559 (N.D. Ill. 2006) (Castillo, J.) (quoting *Wallace v. Buttar*, 378 F.3d 182, 189 (2d Cir. 2004)). Judicial review of arbitration awards

2

is narrowly limited in order to "maintain arbitration's essential virtue of resolving disputes straightaway." *Hall Street Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 588, 128 S.Ct. 1396, 170 L.Ed.2d 254 (2008). Accordingly, the party petitioning to vacate an arbitration award "bears the heavy burden of showing that the award falls within a very narrow set of circumstances delineated by statute and case law." *Cremin,* 434 F. Supp.2d at 559 (quoting *Wallace,* 378 F.3d at 189).

Under 9 U.S.C. § 10(a), there are four instances in which a district court may vacate an arbitration award. As is relevant here, an arbitration award may be vacated "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a)(4). The requirements of finality and definiteness are ones of form rather than substance and must not be confused with whether the arbitrators' award was correct or reasonable, because "neither error nor clear error nor even gross error" is a ground for vacating an award. *IDS Life Ins. Co v. Royal Alliance Assocs., Inc.*, 266 F.3d 645, 650 (7th Cir. 2001). Similarly, in assessing whether arbitrators exceeded their powers, courts consider only whether the arbitrators arguably interpreted the parties' contract and not the accuracy of that interpretation. *See Oxford Health Plans L.L.C. v. Sutter*, 569 U.S. 564, 133 S. Ct. 2064, 2068, 186 L.Ed.2d 113 (2013); *Prostyakov v. Masco Corp.*, 513 F.3d 716, 723 (7th Cir. 2008).

**Discussion**

Roe contends that the arbitrator exceeded his authority when he determined that Roe took the box of "Hardin papers," and must return the box or pay Nano Gas $150,000. Roe asserts that this is the case because the box was not described in Nano Gas' counter complaint, the arbitrator never specifically identified the box's contents, and the arbitrator made no specific finding that the box of "Hardin papers" contained intellectual property, technology, or trade secrets. Roe therefore argues that the Hardin papers were never at issue in the arbitration, and that the arbitrator's decision therefore went beyond the scope of the dispute subject to arbitration.

3

Roe's mischaracterizations aside, the arbitrator clearly found that the "Hardin papers" constituted a box of notes produced by Nano Gas employee Jeff Hardin concerning his work on the machine and that Roe took that box when he also took possession of the machine. Although Roe is correct that the "Hardin papers" were not addressed in Nano Gas' counterclaim, they contained notes regarding the parties' work on the machine and their removal therefore constituted part of the dispute subject to arbitration. Accordingly, the fact that the arbitrator addressed the "Hardin papers" is not a basis for vacating the arbitration decision. *See Johnson Controls, Inc., v. Edman Controls, Inc.*, 712 F.3d 1021, 1025 (7th Cir. 2013) (quoting *Local 15, Int'l Bhd. Of Elec. Workers v. Exelon Corp.*, 495 F.3d 779, 782 (7th Cir. 2007)) (holding that courts must uphold an arbitration award "so long as an arbitrator is even *arguably* construing or applying the contract and acting within the scope of this authority").

Roe also argues that the arbitration award should be vacated because the arbitrator failed to make a final and definite award. This argument is based on the fact that the arbitrator never specifically described the content of the box, which Roe asserts leaves open the door to further litigation regarding the box's contents.[1] The only authority Roe cites in support of this proposition, however, is an unrelated half-century old decision from the Wisconsin Supreme Court. *See Goldmann Trust v. Goldmann*, 131 N.W.2d 902, 907, 26 Wis.2d 141 (1965) (holding that a contract did not require arbitration of a particular dispute based, in part, on the fact it was devoid of a mechanism by which the arbitration decision could be implemented once reached). To the contrary, an arbitrator's decision is incomplete only if the award itself "in the sense of judgment, order, bottom line, is incomplete in the sense of having left unresolved a portion of the parties' dispute." *IDS Life Ins. Co.*, 266 F.3d 645, 651 (7th Cir. 2001). If a district judge is satisfied that an arbitrator resolved the entire

---

[1] Roe also contends that trade secrets (such as those presumably contained in the box) must be identified with reasonable particularity. This argument is irrelevant; this action is not a trade secret action and there is nothing to suggest that the arbitrator's award was premised on the belief that the box contained misappropriated trade secrets.

4

dispute and can discern what the resolution is, then the district judge must confirm the award. *Id.* at 650-51. Here, although the arbitration award does not catalog the contents of the box of Hardin's papers, it cannot be said that that this omission left the parties' dispute unresolved.

Roe similarly contends that the arbitration award is not a final and definite award because it is internally inconsistent. This argument is premised on the fact that the arbitration award enjoins him from engaging in any commercial activity relating to "the technology" while simultaneously awarding him one non-exclusive, royalty-free license to use the technology. Here, the arbitration award enjoins Roe from:

> [E]ngaging in any commercial activity, without the express written consent of Nano Gas, or its assignee(s), relating to (1) development, promotion, licensing, leasing or sale of any device or technology utilizing principles of subjecting a fluid stream of a plurality of alternating turbulent and laminar flow regions for purposes of disbursing or dissolving gases into liquids ("the Technology") or (2) use of the Technology, whether alone or in combination with any other technology, for any purpose, including, but not limited to, (a) ozone generation, (b) removal from or reduction in fluids of salts, boron, suspended solids, iron sulfide, sulfer dioxide, calcium sulfate and hydrogen sulfide and (c) production of oxygenated gels.

The award further provides, however, that:

> To the extent not inconsistent with the foregoing, Roe is granted one non-exclusive and royalty-free license to practice the Technology. Should any person or entity thereafter offer to purchase some resulting intellectual property, Nano Gas shall have a Right of First Purchase and Right of First License.

This Court sees no conflict between the injunction, which bars Roe from engaging in commercial development, promotion, licensing, leasing, or sale of the Technology, and the license, which permits Roe to engage in the practice of the technology to the extent it is not inconsistent with the injunction (i.e. to the extent it is not commercial in nature). Accordingly, this Court concludes that the award is not incomplete or indefinite. *IDS Life Ins. Co.*, 266 F.3d at 650.

5

Roe also contends that the arbitrator acted in manifest disregard of the law because the award violates patent law and the rules governing injunctive relief. It is well established, however, that manifest disregard of the law exists only where the arbitration award directs the parties to violate the law. *Id.*; *George Watts & Son, Inc. v. Tiffany and Co.*, 248 F.3d 577, 580 (7th Cir. 2001). Roe does not assert that the award compelled the parties to act illegally, and accordingly he cannot establish that the award was entered in manifest disregard of the law.

Finally, Roe contends that the arbitration award is against public policy. Although review of arbitration awards is narrowly limited, courts may refuse to enforce arbitration awards interpreting collective-bargaining agreements where the contract, as interpreted, would violate "some explicit public policy" that is "well defined and dominant, and is . . . ascertained by reference to the laws and legal precedents and not from general considerations of supposed public interests." *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 30, 108 S.Ct 364, 98 L.Ed.2d 286 (1987) (quoting *W.R. Grace & Co. v. Local Union 759, Int'l Union of United Rubber Cork, Linoleum & Plastic Workers of Am.*, 461 U.S. 757, 766, 103 S. Ct. 2177, 76 L.Ed.2d. 298 (1983)). Here, however, there is no collective bargaining agreement at issue, and courts in this district have recognized that absent the presence of a collective bargaining agreement this Court lacks authority to overturn a commercial arbitration award on public policy grounds. *Hyatt Franchising, L.L.C. v. Shen Zhen New World I, LLC*, No. 16 C 8306, 2017 WL 1397553, at *7 (N.D. Ill. April 19, 2017) (Kendall, J.). Even if review on public policy grounds were permissible, moreover, Roe's arguments do not establish that the award is contrary to public policy. Roe argues that the arbitrator's award is contrary to patent law and the law governing post-employment restrictive covenants, but ignores the fact that the arbitrator's award

was not based on these laws but instead on a contractual assignment of rights. Roe accordingly has not established a compelling public policy at odds with the arbitration award in this case.[2]

**Conclusion**

For the foregoing reasons, Roe's petition to vacate the arbitration award is denied.

SO ORDERED.

_____
Sharon Johnson Coleman
United States District Court Judge

DATED: November 14, 2017

---

[2] To the extent that Roe believes that he asserted arguments beyond those addressed in this opinion, those arguments have not been clearly raised, are unsupported by citation to relevant authority, and are therefore considered to be waived. *Puffer v. Allstate Insurance Company*, 675 F.3d 709, 718 (7th Cir. 2012).